### Fred G. Borg, Appellee, v. J. B. Strauss, Appellant.

#### Gen. No. 15,033.

1. CONTRACT—*of employment, construed.* Where one party by a written contract agrees to work for another for the term of one year at a certain salary per month but his compensation is not to commence until a certain contingency happens, and he testifies that after the expiration of the year a verbal understanding was had that he should go on without a contract at an increased monthly salary, *held,* (1) that the court might properly find a new agreement to exist and (2) that either party might terminate the employment under such new agreement at the end of any month.

2. PRACTICE—*when proposition of law does not involve finding of facts.* A proposition which reads that if the court finds certain facts therein set forth to exist, then the law applicable thereto is as therein set forth, does not involve a finding of facts under section 61 of the Practice Act as amended in 1907, but is only a proposition of law.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 31, 1910.

KREMER & GREENFIELD, for appellant.

McINERNEY, POWER & BYRNES, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of *assumpsit* tried by the court without a jury plaintiff had judgment for $1,151.90, and the defendant appealed.

October 15, 1903, the parties entered into an agreement in writing, the provisions of which involved in this controversy are as follows:

"Memorandum of Agreement, made and entered into this day by and between J. B. Strauss, party of the first part, and Frederick Borg, party of the second part, both of the City of Chicago, County of Cook and State of Illinois, Witnesseth:

"That, Whereas, said party of the second part is a Civil Engineer and desirous of obtaining permanent employment as such; and,

"Whereas, said party of the first part is also a Civil Engineer and the inventor and designer of an Improved Bascule Bridge, an Improved Viaduct and other improvements, and the owner of Letters Patent thereon; and whereas said first party is engaged, together with other engineering work, in the promotion and sale of his various designs and improvements;

"Now, Therefore, the parties hereto agree as follows: Said party of the first part agrees to accept the services of said second party as assistant engineer in charge of the office of said first party and in charge of such engineering work as is being carried on from time to time by said first party, but it is distinctly understood and agreed that said second party shall receive no salary or compensation for said services up to such time as said first party shall obtain a satisfactory contract or contracts for the design and erection of one or more of said Improved Trunnion Bascule Bridges, Elevated Structures, or work of like character, but when such contract has been obtained, said first party agrees to pay said second party a salary of One Hundred and Forty Dollars ($140.00) per month, payable monthly, or at such times as may be agreed upon. * * * It is further mutually agreed that this contract shall continue in full force and effect for the period of one year from the date hereof."

It is stated in the brief for appellant that the record raises the following questions:

"I. The written agreement was kept in force by the plaintiff by continuing in the service of the defendant after it had expired by its terms.

"II. The act of the plaintiff in leaving the services of the defendant was voluntary abandonment of his

agreement of employment, and, therefore, he cannot recover."

Plaintiff remained in the service of defendant from the date of the contract up to about June 15, 1905, when he went into business for himself and thereafter only did special work for defendant, for which he was paid. Plaintiff testified to a conversation with defendant late in November or early in December, 1904, as follows: "I asked him if we were going to go on the same as we had, or what arrangement would be likely to do, and Mr. Strauss said that he would pay me $150 a month and that we should go on, no contract between us. I said that that was all right, and continued to work on that basis." On cross-examination as to said conversation plaintiff testified as follows:

"Q. When you had this talk about $150 a month, you say, did defendant not say that he would pay you $150 a month provided he got a profitable contract for one of his designs?

A. No sir.

Q. Did he say that he would pay you $150 a month absolutely whether he got any bridge to build or not?

A. Yes, sir."

And he further testified that on a former trial of the case he may have testified that the conversation about the $150 a month took place in 1904 between October 15 and November 1.

Plaintiff put in evidence the following statement:

```
"     18                         1358.30
     140                          400
     ___                         ____
     720                         1758
      18
     ___
    2520
     900
    ____
    3420
    1758
    ____
```

1662 due to May 1st, 1905.

By Mr. J. B. Strauss, May 16, 1905.''

He testified that said statement, with the exception of the words, "due to May 1st, 1905, by Mr. J. B. Strauss, May 16, 1905," was in the handwriting of defendant; that it was delivered to him by defendant about May 16, 1905, and that he wrote on it the words above quoted. He further testified that defendant said the figures "18" represented months, the figures "140" dollars, the figures "900" represented dollars, that defendant said "that was 6 months at 150 dollars."

Defendant was shown said statement and testified that the written words were in the handwriting of plaintiff, but were not written in defendant's presence. Asked by his counsel whether the figures were made by him, he answered: "I don't think so, but I would not say definitely; they don't look like my figures. I don't think I ever made that—I don't know." He further testified that he never told plaintiff that he would pay him $150 a month.

Defendant submitted and the court held the following proposition:

"2. If the court finds from the evidence that the plaintiff, by verbal agreement with the defendant, continued in the employ of the defendant, after October 15, 1904, the date mentioned therein for the expiration of the written contract in evidence between the said parties, dated October 15, 1903, and up to the 15th day of June, A. D. 1905, without any further or other agreement as to the compensation to be received by the plaintiff for his services, then the court is requested to hold as a proposition of law that the rights and liabilities of said parties, and each of them, as to the compensation to be received by the plaintiff from the defendant up to said 15th day of June, 1905, are governed and controlled by the terms of said written agreement."

It is insisted on behalf of appellant that the court thereby found that no new agreement was made between the parties whereby plaintiff was to receive ab-

solutely $150 a month, but that the rights and obligations of the parties throughout the whole period must be governed by the written agreement in evidence. Under section 61 of the Practice Act as amended in 1907, in cases tried by the court it is the duty of the court to find specially on any question of fact, when so requested in writing. But the proposition in question does not involve any finding of fact, but is only a proposition of law.

From the evidence the court might properly find that the parties, after the expiration of the term of service provided for in the original written agreement, entered into a new agreement, whereby plaintiff agreed to employ defendant by the month and to pay him $150 per month for his services. Under such a contract either party might terminate the employment at the end of any month. We think that the questions presented and argued by appellant as reasons for the reversal of the judgment must be determined against the contentions of appellant. The evidence is, we think, sufficient to warrant and support the finding and judgment, and the judgment is affirmed.

*Affirmed.*